RECEIVED
IN ALEXANDRIA, LA.

DEC - 2 2013

TONY R. MOORE, CLERK
          DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SEDRICK SMITH #42074 | DOCKET NO. 13-2567; SEC. P |
| VERSUS | JUDGE DRELL |
| PAT BOOK, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION TO DISMISS TWO DEFENDANTS

Pro se Plaintiff Sedrick Smith filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 28, 2013. Plaintiff was granted leave to proceed in forma pauperis on September 12, 2013. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at Elayn Hunt Correctional Center in St. Gabriel, Louisiana. He complains that he was denied adequate medical care by Pat Book and Jason Torrey while he was incarcerated at the Catahoula Correctional Center.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that the claims against Catahoula Correctional and Jason Torrey be dismissed.

*Factual Allegations*

Plaintiff alleges that on April 4, 2013, he was transported from Catahoula Correctional Center to a dentist's office in Marksville, Louisiana. He states that the dentist concluded that Plaintiff's tooth was infected, and that Plaintiff needed to have

oral surgery to have the tooth removed. Plaintiff was transported back to Catahoula Correctional with the doctor's recommendation for the extraction. Plaintiff spoke with nurse Torrey, who advised that he would have to find a surgeon that treated inmates. Plaintiff alleges that the nurse did, in fact, find such a surgeon. The nurse "went to Pat Book concerning the matter, but received no response." [Doc #1, p.3] Plaintiff then talked to Assistant Warden Ramsey and Captain Scott who told Plaintiff that Warden Book had to approve the procedure. Plaintiff filed an administrative grievance, but received no response. At the time of filing, Plaintiff states that he had been in pain for two months and that he could not eat properly due to the pain. The nurse administered Tylenol and Orajel. On September 30, 2013, Plaintiff was transported to Hunt Correctional Center. [Doc. #8]

### *Law and Analysis*

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain." See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal quotations and citation omitted). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of

serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994); see Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994)(applying Farmer to medical care claim).

Plaintiff does not allege that Defendant Torrey refused to treat him, purposefully gave him improper treatment, ignored his medical complaints, or engaged "in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006)(internal quotation marks and citation omitted). To the contrary, Plaintiff claims that Torrey found a surgeon to perform the surgery; Torrey informed Pat Book, and administered Tylenol and Orajel to Plaintiff for his pain. Plaintiff has failed to state a claim for a constitutional violation against Nurse Torrey.

Plaintiff also named as a defendant the Catahoula Correctional Center. Catahoula Correctional is a limited liability company. Just as a municipal corporation is not vicariously liable for the constitutional torts of its employees, a private company is not vicariously liable under §1983 for its employees' deprivations of others' civil rights. Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003). A private corporation is liable under §1983 only when **an official policy or custom** of the corporation causes or is the "moving force of the constitutional violation." Id. Plaintiff has not alleged that an official policy

3

or custom of Catahoula Correctional Center was the "moving force" behind its employee's alleged deprivation of Plaintiff's civil rights. Therefore, his complaint against CCC should be dismissed.

*Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE as to Nurse Jason Torrey and Catahoula Correctional Center only,** as frivolous and failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B). **Service of the complaint has been ordered on Defendant Pat Book.**

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR

AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of ~~November,~~ December, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE